**Robert E. SMITH and David Peck, Plaintiffs-Appellants,**

**v.**

**Robert L. ROGERS, Defendant-Appellee.**

**No. 13224.**

United States Court of Appeals
Seventh Circuit.

May 29, 1961.

Joseph Barbera, Charles D. Snewind, Chicago, Ill., for appellant.

John T. Kennedy, Chicago, Ill., of Querrey, Harrow, Gulanick & Kennedy, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This action, instituted by plaintiffs, Robert E. Smith and David Peck, against the defendant, Robert L. Rogers, sought damages for personal injuries sustained as the result of a collision between an automobile driven by Rogers and one driven by Smith in which Peck was a passenger.

Jurisdiction exists by reason of the diversity of citizenship, with the requisite amount involved.

The case was assigned to Judge Igoe, where it was tried by a jury. A verdict was returned finding the issues against both plaintiffs, and judgment was entered in favor of defendant. Thereafter, the Court allowed plaintiffs' motion for a new trial and the case was assigned to Judge LaBuy, where it was again tried by a jury, only on the issue of liability. At the close of all the evidence, each of the plaintiffs moved for a directed verdict, which motions were denied. The jury returned separate verdicts, again finding defendant not liable. From a judgment entered thereon plaintiffs appeal.

Plaintiffs argue as a basis for reversal (1) that the Court erred in its refusal to grant their motions for a judgment notwithstanding the verdict, or in the alternative for a new trial; (2) that the Court erred in instructing the jury on the theory that the plaintiffs at the time of the collision were engaged in a joint

enterprise or a joint adventure, and (3) that the instructions on the issues of joint enterprise and contributory negligence were prejudicial to plaintiffs' right to a fair and impartial trial.

■ We are convinced from our study of the record that the evidence reveals a typical jury case and that the Court did not err in its refusal to direct a verdict in favor of plaintiffs or in its refusal to allow their motions for a judgment notwithstanding the verdict. Plaintiffs in their argument overlook the cardinal principle that a reviewing court will not weigh the evidence and must consider it in the light most favorable to the prevailing party.

With this concept of our function, a brief factual statement will suffice. Early in the morning on Saturday, February 9, 1957, plaintiffs left Chicago in a car owned and driven by Smith, destined for Iron Mountain, Michigan, some 300 miles distant, where they were to engage in skiing. They intended to return to Chicago on the following afternoon. For some time prior to the collision they traveled north on Route 41, a four-lane highway extending north and south which intersected at right angle Route 120, extending east and west. Defendant was traveling east within the intersection of the two highways. In the eastern lane (of the two northbound lanes) plaintiffs' car collided with defendant's car, the impact being on the right side of the latter. The collision occurred at about 2 a. m., in Lake County, Illinois.

The intersection was protected by green and red lights. All parties agree that as plaintiffs approached the intersection and at the time of the collision, the light was green for north and south traffic on Route 41 and red for east and west traffic on Route 120. Plaintiffs, as they approached the intersection, traveled in a posted speed zone of 45 miles per hour. Notwithstanding their testimony to the contrary, there was evidence from which the jury could reasonably infer that plaintiffs approached the intersection at a high rate of speed. Witness Chapman, a truck driver, testified that he was northbound on Route 41, traveling at the posted speed limit, and that plaintiffs passed his truck two blocks south of the point of collision. He also testified that at the time of the collision he was still one block south of the intersection. In other words, according to his testimony, plaintiffs traveled two blocks while he traveled one. This would require a speed on their part of 90 miles per hour. Other circumstances indicate a high rate of speed, for instance, the distance of their journey, the length of time which they calculated would be required to make the trip and the fact that the impact drove defendant's car sideways down the pavement for a distance of 75 feet.

In the northwest corner of the intersection was a tavern about 300 feet north of Route 120, which had a 200-foot frontage on Route 41. Shortly before the accident, defendant drove from the tavern parking lot toward the intersection of the two routes. Plaintiffs contend that defendant drove south from the parking lot to Route 120, where he turned east and drove through the red light. On the other hand, defendant contends that he drove east from the parking lot to Route 41, then south to the intersection where he made a left turn on a green light. More specifically, it is defendant's contention that he entered and traveled on Route 120 only within the area of the intersection of the two highways. There is evidence to support defendant's theory in this respect.

Defendant testified that at the time he made his left turn he looked to the south for oncoming traffic on Route 41 and saw none, although due to some fog his vision was limited to 200 feet. After turning left he traveled east across a 15-foot parkway separating the north and southbound sections of Route 41 and was in the east lane for northbound traffic when he was struck by plaintiffs' car. There is evidence that defendant drove at a slow speed and that the distance between the point where he made his left turn and that of collision was not more

than 40 feet. Plaintiffs contend that they had the right of way at the time of the collision by reason of the green light on Route 41, while defendant contends that he was entitled to make a left turn on the green light and, therefore, had the right of way.

The Court instructed the jury in the language of the Illinois Revised Statutes, 1955, ch. 95½, Par. 166, which provides:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this Act, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right-of-way to the vehicle making the left turn."

 It is not open to dispute but that plaintiffs' car was not within the intersection when defendant made his left turn, and it is reasonably inferable that it was not so close as to constitute an immediate hazard. Under Illinois cases it cannot be held as a matter of law that either car at the time of the collision was entitled to the right-of-way or, stated conversely, required to yield. Under the circumstances shown, the question was for the jury to determine.

 In Pennington v. McLean, 16 Ill. 2d 577, 158 N.E.2d 624, there was involved Par. 167 of the Illinois Statutes, ch. 95½, which is similar to Par. 166, and the Court's reasoning is equally applicable here. The Court stated (16 Ill. 2d at page 583, 158 N.E.2d at page 627):

"That provision has been construed as neither imposing an absolute liability upon the party approaching from the nonpreferential highway, nor conferring an absolute right of way regardless of all circumstances on the party traveling on the preferential highway." (Citing cases.)

The Court held that a motorist entering an intersection is required to yield the right of way to such vehicles on the through highway as constitute an "immediate hazard," and whether reasonable care has been exercised is for the determination of a jury. Assuming, however, contrary to what we think, that defendant was negligent as a matter of law, there still remained the factual issue as to whether plaintiffs were in the exercise of due care and caution for their own safety or, in other words, were guilty of contributory negligence. Even though they had the green light, it was within the province of the jury to find them guilty of such negligence if it believed from the evidence that they approached the intersection at a high and dangerous rate of speed.

Plaintiffs in their reply brief argue that the manner by which defendant made a left turn is immaterial and that the important point is that after doing so he proceeded east on the wrong side of the road (left side). There is a dispute in the evidence in this respect but, assuming that he did, it is not discernible how it is material to the issue of defendant's negligence as a proximate cause of the collision. It could only mean that the impact occurred a fraction of a second later than it would if defendant had been traveling on the right side of the highway.

Defendant at the trial advanced the theory that plaintiffs at the time in controversy were engaged in a joint enterprise, and the Court instructed the jury on that theory. Plaintiffs argue that this was prejudicial error because there was no proof justifying the charge. The question is important because under that theory contributory negligence on the part of either would bar recovery by both.

The Court instructed the jury:

"It is for the jury to say whether there is a joint enterprise if there is an agreement between the persons

concerned in a trip that each shall pay a substantial share of the expenses of the particular trip, and, in addition, if there are present one or more of the following factors:

"1. A common destination;

"2. A power to determine or change the route from time to time by mutual agreement; and

"3. The fact that the trip is for a common but non-business purpose."

The rule as to what constitutes a joint enterprise is stated and discussed in Grubb v. Illinois Terminal Co., 366 Ill. 330, 338, 8 N.E.2d 934. The Court in that case cited in support of its holding numerous cases, including Restatement of Laws of Torts, Sec. 491. The instruction in the instant case follows the rule there announced, which was approved by the Court in the Grubb case. Plaintiffs' principal objection to the validity of the instruction is based on their claim that Peck did not have the right to direct or control the vehicle. While such factor may be essential in some jurisdictions, it is not so required under the Grubb decision, with its reliance upon the rule as stated in the Restatement of Law. It is sufficient to present a question for the jury if the parties each agree to pay a substantial share of the expenses of a particular trip with a common destination, or if the trip is for a common but non-business purpose. It is undisputed but that Smith and Peck planned the trip as to their time of departure as well as their return. Undoubtedly, they had a common destination with a common purpose and there is some evidence that Peck agreed to share expenses with Smith. We think there was no error in submitting the issue to the jury.

We have considered other points argued by plaintiffs, which we think are without merit and need not be discussed. In our judgment, they had a fair and impartial trial. Certainly they were not entitled to a directed verdict in their favor or a judgment notwithstanding the verdict. Moreover, the case having been submitted without prejudicial error, the jury verdict is controlling.

The judgment appealed from is Affirmed.